E-FILED
Tuesday, 18 November, 2014 11:12:40 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN BARNES, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-1360 |
| S.A. GODINZEZ, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and currently incarcerated in the Pontiac Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its

face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Defendants refused to process, or to establish procedures to reliably and timely process, Plaintiff's requests for his trust fund ledgers, which he needed in order to comply with court orders in a civil case or cases. He also alleges that the trust fund office supervisor has failed to comply with court orders to supply Judge Pallmeyer with Plaintiff's trust fund ledgers.

Plaintiff's allegations state no plausible federal claim. The only possibly relevant federal right implicated is Plaintiff's First Amendment right to access the Court. However, no plausible access claim is stated because Plaintiff has not suffered an actual inability to pursue a colorable claim. In re Maxy, 674 F.3d 658, (7th Cir. 2012)(to state a claim for violation of the right to access the court, a prisoner "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim.") Plaintiff's remedy if the prison refuses to provide trust fund ledgers in one of Plaintiff's civil cases is to file a motion to compel in that civil case. A review of Plaintiff's civil case before Judge Pallmeyer shows that Plaintiff did file a motion to compel his trust

fund ledgers in that case. Judge Pallmeyer denied the motion as moot because Judge Pallmeyer had already dismissed Plaintiff's complaint as barred by res judicata and the statute of limitations. *See attached order.* Judge Pallmeyer did not dismiss the case for lack of trust fund ledgers.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3) Plaintiff must still pay the full filing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present

on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal.

**5) The clerk is directed to record Plaintiff's strike in the three-strike log.**

**6) If not already done, the clerk is directed to grant Plaintiff's petition to proceed in forma pauperis for the purpose of allowing Plaintiff to pay the filing fee in installments.**

ENTERED: November 18, 2014

FOR THE COURT:

                                         **s/Sue E. Myerscough**
                                         SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE